IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARBARA DANG

   Appellant,

      v.

BANK OF AMERICA N.A.; BAC HOME
LOANS SERVICING L.P.; CIG HIF 1ST
LIEN MORTGAGE; and NORTHWEST
TRUSTEE SERVICES

   Appellees.

\*

\*

\*

\*   Civil Action No.: RDB-12-3343
   Bankruptcy Adversary No.: 10-216
\*   Bankruptcy Case No.: 10-14152

\*

\*

\*

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

The *pro se* Appellant Barbara Dang ("Appellant") has filed the pending Motion to Amend (ECF No. 19) the Memorandum Opinion and Order of April 17, 2013 (ECF Nos. 17 & 18), in which this Court dismissed the Appellant's adversary proceeding against Appellees Bank of America, N.A., BAC Home Loans Servicing L.P., CIG HIF 1st Lien Mortgage, and Northwest Trustee Services (together, "Appellees") for failure to state a claim. This Court finds that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). For the reasons stated below, this Court DENIES Petitioner's Motion to Amend (ECF No. 19).

## ANALYSIS

**I. Standard of Review under Rule 8015 of the Federal Rules of Bankruptcy Procedure**

This Court construes the Appellant's Motion to Amend as a Motion for Rehearing under Rule 8015 of the Federal Rules of Bankruptcy Procedure. There are circumstances in

1

which a motion to amend, pursuant to Rule 60 of the Federal Rules of Civil Procedure, can be filed in a bankruptcy case.[1] As this Court and every appellate court to review this issue has found, however, Rule 8015 is "the exclusive avenue for post-judgment reconsideration of a district court's decision in a bankruptcy appeal." *Riffin v. Balt. Cnty.*, No. ELH-12-897, 2012 WL 5406743, at *2 (D. Md. Nov. 2, 2012); *see also In re Bli Farms, P'ship*, 465 F.3d 654, 658 (6th Cir. 2006) ("'Bankruptcy Rule 8015 provides the sole mechanism for filing a motion for rehearing' from a final order of the district court sitting in [its appellate] capacity." (citing *Butler v. Merch. Bank & Trust Co.*, 2 F.3d 154, 155 (5th Cir. 1993))). Accordingly, "irrespective of how parties characterize their motions for reconsideration in bankruptcy appeals," a motion for reconsideration of a district court's decision on appeal from the bankruptcy court is properly treated as a motion for rehearing under Rule 8015. *See English-Speaking Union v. Johnson*, 353 F.3d 1013, 1020 (D.C. Cir. 2004).

Rule 8015 of the Federal Rules of Bankruptcy Procedure permits a party to file "a motion for rehearing" of a bankruptcy matter on appeal so long as it is "filed within 14 days after entry of the judgment of the district court." Fed. R. Bankr. P. 8015. Rule 8015, however, "is silent as to the appropriate standards for granting a rehearing, and the Fourth Circuit has not designated a standard." *Zegeye v. Keshishian (In re Zegeye)*, Civ.A. DKC 2004-1387, 2005 WL 544763, at *2 (D. Md. Mar. 4, 2005). This Court has recently stated that "because Rule 8015 was derived from [Rule 40 of the Federal Rules of Appellate Procedure], it is appropriate to look to the appellate rule for guidance." *Riffin*, 2012 WL 5406743, at *4

---

[1] *See* Fed. R. Bankr. P. 9024 (providing that Rule 60 of the Federal Rules of Civil Procedure applies under the Bankruptcy Code). Courts have found that Rule 9024 is only applicable to "bankruptcy courts sitting as trial courts and not to the district court sitting as an appellate court." *In re Bli Farms, P'ship*, 465 F.3d 654, 657 (6th Cir. 2006).

(quoting *Olson v. United States,* 162 B.R. 831, 834 (D. Neb. 1993)). Other courts agree that the standard of review applicable to Rule 40 should be used when deciding a motion for rehearing under Rule 8015 of the Federal Rules of Bankruptcy Procedure. *See, e.g.*, *Kosmala v. Imhof* (*In re Hessco Indus., Inc.*), 295 B.R. 372, 375 (B.A.P. 9th Cir. 2003); *Ill. Dep't of Revenue v. Raleigh*, 179 B.R. 532, 539 (N.D. Ill. 1995); *Young v. Paramount Commc'ns*, 186 B.R. 803, 807 (S.D.N.Y.1995).

Rule 40 requires a petitioner to "state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended." Fed. R. App. P. 40(a)(2). Petitions for rehearing are designed to ensure that the appellate court properly considered all relevant information in rendering its decision. *In re Hessco Indus., Inc.*, 295 B.R. at 375. In other words, such a petition should "direct the court's attention to some material matter of law or fact which it has overlooked in deciding a case, and which, had it been given consideration, would probably have brought about a different result." *Yankton Sioux Tribe v. Podhradsky*, 606 F.3d 985, 990 (8th Cir. 2010) (quotation omitted); *see also United States v. Gorham*, 536 F.2d 410, 415 (D.C. Cir. 1976) (denying petition for rehearing where the challenged statement was "in no way related to the basis" for the court's underlying decision). A petition for rehearing is not a means by which to reargue a party's case or to assert new grounds for relief. *Riffin*, 2012 WL 5406743, at *5 (citations omitted).

## II. The Appellant's Grounds for Rehearing

Having established the standard under which to review the Appellant's claim, this Court now turns to the merits of the Motion for Rehearing. In this Motion, the Appellant advances several arguments for reconsideration of this Court's decision to dismiss the

3

adversary proceeding for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. First, the Appellant argues generally that this Court's Memorandum Opinion paints her in a bad light and uses inflammatory language. Because this argument fails to "direct the court's attention to some material matter of law or fact which it has overlooked in deciding a case," *Yankton Sioux Tribe*, 606 F.3d at 990, this is not a proper ground for rehearing the case.

Second, the Appellant contends that the alleged discharge injunction, to which the Appellant made frequent reference throughout her briefs, was not ripe for this Court's review. This Court notes that in her brief on appeal, the Appellant relied on the alleged discharge injunction to argue that the Appellees were barred from pursuing the debt owed to them. Now she suggests that the discharge injunction was not within this Court's purview. By placing the issue in controversy, however, the Appellant necessitated this Court's review of it. Moreover, the Appellant offers no law in support of her claim that it was improper for this Court to confront the issue. Accordingly, this ground for rehearing also fails.

Third, the Appellant claims that certain facts recited by this Court were incorrect. Namely, she contends that BAC could not have serviced the loan at issue in her adversary proceeding, because the party did not exist until the fall of 2008. Moreover, she claims that the Court fails to acknowledge that the Appellant filed an objection to the Appellee's proof of claim in the underlying bankruptcy case. Neither fact was relevant to this Court's decision that the Appellant failed to state a claim in her adversary proceeding. For this reason, these are not appropriate grounds on which to argue for a rehearing of this case. *See* Fed. R. App. P. 40(a)(2); *In re Hessco Indus., Inc.*, 295 B.R. at 375 ("Petitions for rehearing are designed to

ensure that the appellate court properly considered all relevant information in rendering its decision.").

Finally, the Appellant insists that she grounded her constitutional arguments not in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), but in *Hayburn's Case*, 2 U.S. (2 Dall.) 409 (1792). Thus, the Appellant argues, this Court erred by failing to analyze *Hayburn's Case*. This argument is frivolous, not only because the Appellant invoked *Stern* in her argument, *see* Appellant's Br. 11-12, 28, 32-34, ECF No. 4, but also because *Hayburn's Case* is not relevant to the questions the Appellant posed on appeal. The Supreme Court in *Hayburn's Case* confronted the 1792 Invalid Pensions Act, by which Congress assigned the United States Circuit Courts the duty to determine pensions for injured Revolutionary War veterans. *See* 2 U.S. 409; *see also* Maeve Marcus & Robert Teir, *Hayburn's Case: A Misinterpretation of Precedent*, 1988 Wis. L. Rev. 527, 529. Because the Secretary of War could overturn the Circuit Courts' decisions, several courts questioned the constitutionality of the Act. Marcus & Teir, *supra*, at 529-34. The Supreme Court never resolved the constitutional issue presented in *Hayburn's Case*. Rather, the Court continued the case until the next term, by which point Congress had enacted another bill in its place. *Id.* at 539.

In deciding whether it was constitutional for the United States Bankruptcy Court for the District of Maryland to dismiss the Appellant's adversary proceeding, this Court chose not to analyze *Hayburn's Case*, because it does not speak to the constitutionality of the bankruptcy court system. Instead, this Court applied *Stern*, the Supreme Court's most recent decision setting out the Article III limitations on a bankruptcy court's power to decide a case. 131 S. Ct. 2594. This Court carefully considered the separation of powers principles

5

with which the Appellant was concerned. *See* Appellant's Br. 28-29. *Hayburn's Case* is not "some material matter of law or fact which [this Court] has overlooked," nor would attention to it "have brought about a different result." *Yankton Sioux Tribe*, 606 F.3d at 990. Accordingly, this is an improper ground on which to argue for a rehearing of the case.

## CONCLUSION

Because the Appellant fails to raise proper grounds for rehearing this case under Rule 8015 of the Federal Rules of Bankruptcy Procedure, the Appellant's Motion to Amend (ECF No. 19) is DENIED.

Dated: June 7, 2013            _____/s/_____
                               Richard D. Bennett
                               United States District Judge